**YING YING ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**Nos. 03–40586–ag(L); 03–41200–ag(Con).**

United States Court of Appeals, Second Circuit.

Oct. 4, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

H. Raymond Fasano, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Mary M. Dickman, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Ying Ying Zheng, a native and citizen of the People's Republic of China, seeks review of an August 29, 2003 order of the BIA affirming the February 13, 2002 decision of Immigration Judge ("IJ") Anthony J. Randall denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Ying Zheng,* No. A 77 660 356 (B.I.A. Aug. 29, 2003), *aff'g* No. A 77 660 356 (Immig. Ct. N.Y. City Feb. 13, 2002). Petitioner Zheng also seeks review of a November 26, 2003 order of the BIA denying her motion to reopen. *In re Ying Ying Zheng,* No. A 77 660 356 (B.I.A. Nov. 26, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004). A determination "based on flawed reasoning ... will not satisfy the

substantial evidence standard," and the agency's use of "an inappropriately stringent standard ... constitutes *legal,* not factual error." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005). We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir. 2006).

Here, a reasonable adjudicator would not be compelled to overturn the BIA's findings, where it made four references to five of Zheng's documents, indicating that first-time illegal emigrants like her, who are not smugglers, are likely to be subjected only to a small fine and brief custody in non-torturous conditions. The BIA also pointed to specific exhibits in Zheng's evidence indicating that the government of China does not acquiesce to criminal activity by loan sharks.

We further find that the BIA did not abuse its discretion in denying Zheng's motion to reopen, where Zheng's claim was based on an alleged violation of the Chinese family planning policy, but where she stated only that she had given birth to a single child. As the BIA points out, the evidence Zheng provided does not indicate that having one child in the United States, even without the permission of Chinese authorities, gives rise to a reasonable fear of persecution.

For the foregoing reasons the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate

Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).